**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

TAG EDWARD ALTHOF,

               Plaintiff - Appellant,

  v.

JOHN HANLIN, Sheriff Douglas County
Oregon; et al.,

               Defendants - Appellees.

No. 12-35315

D.C. No. 6:10-cv-03060-AA

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Submitted December 17, 2013[**]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN, Circuit Judges.

      Tag Althof sued Douglas County Jail ("the Jail") officers John Hanlin, Mike

Root, Tim O'Kelly, and Mason Goodknight (collectively "the Defendants"),

alleging the Defendants had deprived Althof of outdoor exercise during Althof's

---

      [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

incarceration at the Jail. The district court granted summary judgment on all of Althof's claims. Althof appeals the disposition of (1) the § 1983 claim based on the Eighth Amendment, and (2) the intentional infliction of emotional distress ("IIED") claim.[1] Reviewing de novo, *Travelers Cas. & Sur. Co. of Am. v. Brenneke*, 551 F.3d 1132, 1137 (9th Cir. 2009), we affirm.

The district court properly granted summary judgment on the § 1983 claim. The Defendants are entitled to qualified immunity on Althof's § 1983 claim, because the asserted constitutional right was not clearly established at the time of the alleged violation.[2] *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). It is not clearly established that an inmate is entitled to outdoor exercise when he has proven to be violent, and the deprivation of outdoor exercise is in response to the plaintiff's violence.[3] On the contrary, this court has held that even a deprivation of outdoor exercise "for most of a five-year period of incarceration" did not violate the Eighth Amendment, when the deprivation was "directly linked to [the

---

[1]Althof waived any appeal of his negligence claim by not presenting any argument or legal authority on it. *See Kohler v. Inter-Tel Techs.*, 244 F.3d 1167, 1182 (9th Cir. 2001).

[2]Because we affirm on this independent ground, we need not address Hanlin's potential liability in a supervisory role.

[3]We so conclude, even considering the events that occurred prior to July 8, 2008, the contested statute of limitations cut-off date.

prisoner's] own misconduct, which raised serious and legitimate security concerns within the prison." *LeMaire v. Maass*, 12 F.3d 1444, 1457-58 (9th Cir. 1993).

The district court also did not err in granting summary judgment on Althof's IIED claim, because Althof did not present any evidence of the Defendants' intent to cause him severe emotional distress. *See McGanty v. Staudenraus*, 901 P.2d 841, 849 (Or. 1995).

**AFFIRMED.**

No. 12-35315, *Althof v. Hanlin*

CLIFTON, Circuit Judge, dissenting:

I respectfully dissent. I disagree with the conclusion that the asserted constitutional right was not clearly established at the time of the alleged violation. A right is clearly established if it has been found violated "under facts not distinguishable in a fair way from the facts presented in the case at hand." *Saucier v. Katz*, 533 U.S. 194, 202 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). I view *Allen v. Sakai*, 48 F.3d 1082 (9th Cir. 1994), as sufficiently similar to the facts presented in this case. *See also Spain v. Procunier*, 600 F.2d 189, 199-200 (9th Cir. 1979). That does not mean that the plaintiff in this case should or would ultimately prevail, but in my view his claim should have survived summary judgment.